The opinion of the Court was delivered by
Wardlaw, J.
Henry Husman was a naturalized citizen. There survived him a widow residing in this State, and several sisters, all of whom were natives of Hanover, and at his death were aliens.
The escheator claims that some portion of his real estate is subject to escheat, and the inquisition has found that a moiety is so. It is supposed that the Act of 1828 (6 Stat. 363) has done no more than put an alien widow upon the same footing as a native-born widow; that under the Act of 1826, (6 Stat. 284,) a native-born widow does not take the whole estate, where *166 a sister has been left by the intestate, but is remitted to the Act of distributions, passed in 1791, (5 Stat. 162,) and that the share not given by the Act of 1791 to the widow, escheats to the State.
It is true, that the Act of 1791 does not, in any case, give the whole to a widow, and that under it, if there had been a widow and no kindred capable of inheriting, there must have been escheat of one-third, after the widow (according to the 7th clause of the first section) had taken two-thirds. Such would have been the case where a native-born widow and an alien sister, the only other next of kin, were left; for, although by the. 5th clause, the widow takes only a moiety where a sister is left, no sister in the contemplation of the Act is left, where the person standing in the relation of sister, is incapable of being an heir. It would not be supposed, that if a naturalized citizen left only two sons, one born and resident abroad, the other a native citizen, that the foimer, incapable of inheriting himself by reason of alienism, would yet stand in the way of the latter’s succession, so that one-half of the estate would escheat. The word “ leave” could no more have the effect of bringing into consideration in the distribution, relations who are not regarded as heirs, than the words “ children, brothers,” &c., could have the effect of repealing the law concerning aliens, so as to vest shares in children, brothers, &c., who are aliens. (See DeScottes vs. Talvand, 2 McMul. 300; Orr vs. Hodgson, 4 Wheat. 460.)
The Act of 1826, giving to the widow the one-third which without it would have escheated, where she, and no other kindred, were left, it follows that, without an extreme force given to the word “ leave,” a widow is not prevented from taking the whole under that Act by an alien sister of the intestate. In this view, an alien widow would, under the Act of 1828, in default of other heirs, take the whole by descent, and take it “in the manner already provided by law.” This renders the Act of 182S consistent with itself and with former provisions. The enactment is positive, that no lands shall be liable to *167 escheat where there is a widow resident in the State, although she may not have been naturalized; and this is surely enough to control any doubt concerning the meaning of the clause, “said land shall pass by will or descent to such widow, in the manner already provided by law,” which can arise from a rigid adherence to the letter of the Act of 1826.
It has been suggested to the Court that, under a treaty between the United States and the King of Hanover, the rights of the sisters of the intestate are so protected, that the shares, which would have devolved upon them if they had been citizens. are, for a reasonable time, liable to their disposition by sale without molestation. It is unnecessary to notice this further— for, in any view, there is no escheat, and the present case is disposed of, without inquiry into the rights which may subsist between the widow and sisters.
It is ordered that the inquisition be set aside.
O’Neall, Withers, Whitner, Glover and Munro, JJ., concurred.

Inquisition set aside.